UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ralph Leroy Erwin,<br>*formerly SCDC ID # 051231*,<br>a.k.a. Ralph L. Erwin,<br><br>          Petitioner,<br><br>vs.<br><br>State of South Carolina,<br><br>          Respondent. | C/A No. 6:12-437-RBH-KFM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Ralph Leroy Erwin, *formerly SCDC ID # 051231, also known as Ralph L. Erwin*, ("Petitioner"), a state parolee residing in Spartanburg, South Carolina, who is proceeding *pro se* and *in forma pauperis*, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for initial screening. Petitioner was sentenced to life imprisonment for murder after pleading guilty in York County General Sessions Court on March 24, 1961. ECF No. 1, p. 1. Petitioner previously filed a § 2254 petition in this Court, on April 10, 2007, in *Erwin v. State of South Carolina*, C/A No. 6:07-959-RBH-WMC (D.S.C. 2008), challenging this same state court conviction and sentence and raising the same ground that Petitioner raises in the instant petition. *See* ECF No. 1, p. 5, 13; C/A No. 07-959, ECF No. 21, p. 5.[1] In that case, Respondents' motion for summary judgment was granted , Petitioner's motion

---

[1] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

1

for summary judgment was denied, and Petitioner's § 2254 petition was dismissed as time-barred by this Court.[2] *See* C/A No. 07-959, ECF No. 23. Having reviewed the instant Petition and applicable law, the undersigned finds that the instant successive § 2254 Petition should be summarily dismissed pursuant to 28 U.S.C. § 2244(3) and *In re: Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996). The claim in this Petition was presented in a prior habeas petition that was dismissed on the merits, and, before filing this successive petition, Petitioner did not obtain an order from the United States Court of Appeals for the Fourth Circuit authorizing this district court to consider the instant petition.[3]

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.

---

[2] *See Simmons v. Cummins*, No. 2:10-CV-28-ID, 2010 WL 582091 (M.D. Ala. Jan. 15, 2010) (collecting cases holding that untimeliness determination is "on the merits" and next petition is successive).

[3] Prior to C/A No. 07-959, Petitioner also filed a § 2254 petition in C/A No. 04-1561, which was not adjudicated on the merits but was summarily dismissed without prejudice because Petitioner had not yet exhausted his state court remedies. Subsequent to C/A No. 07-959, Petitioner filed petitions raising the same claim, in C/A No. 11-1070 and C/A No. 11-2146, both of which were summarily dismissed without prejudice, as successive.

1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, the court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may also apply these rules to a habeas corpus petition not filed pursuant to § 2254). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner alleges that he is "currently on parole under the supervision of the South Carolina Parole Board" and that he "is not challenging the conviction but rather the exp[i]ration date of the sentence has expired." ECF No. 1, p. 13. Petitioner alleges that he is challenging his sentence on the ground that "according to the South Carolina Constitution the most time to be served on a life sentence is thirty (30) years" and that, when he was convicted and sentenced in 1961, "during that time there was no law which stated life was the entire life of a defendant." ECF NO. 1, p. 5. Petitioner also alleges that "the state has unconstitutional[ly] delayed hearing the Petitioner's most recent PCR for over two (2) years." ECF No. 1-1, p. 3. Petitioner asks that he "be released from the custody of the South Carolina Probation and Parole Board." ECF No. 1, p. 14.

The instant Petition includes none of the following details; however, United States Magistrate Judge Catoe's Report and Recommendation in C/A No. 07-959 (C/A No. 07-959, ECF No. 21), which was adopted and incorporated in United States District Judge R. Bryan Harwell's Order granting summary judgement to the respondent in *Erwin v. State of South Carolina*, C/A No. 6:07-959-RBH-WMC (D.S.C. 2008), ECF No. 23, reveals that, after serving approximately ten years of his sentence, Petitioner was granted parole on June 17, 1971, but this parole was revoked on August 20, 1975.[4] After serving an additional prison term of more than six years, Petitioner was again granted parole on

---

[4] As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances, "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

January 20, 1982, but was declared an absconder on January 12, 1983. Petitioner's parole was again revoked on July 24, 1985, and Petitioner served an additional 22 years in prison until he was once again paroled, sometime in 2007. *See* C/A No. 07-959, ECF No. 21, p. 1-5. Thus, it appears that Petitioner may have served a total of more than 38 years in prison, due to his multiple parole violations and revocations. As noted above, Petitioner alleges that he is still on parole, which constitutes "custody" under 28 U.S.C. § 2254.[5] Petitioner asserted in C/A No 07-959, among other grounds, that "[the] statute of limitations ha[d] run out on []his life sentence" and that "at the time petitioner received his life sentence, the amount of time to be served on a life sentence was thirty years with some or most defendants actually serving 12 years." C/A No. 07-959, ECF No. 21, p. 5.

## DISCUSSION

The Petition filed in this case should be summarily dismissed because it is successive and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court. If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." The issue of successiveness of a habeas petition may be raised by the court

---

[5] *See Jones v. Cunningham*, 371 U.S. at 243 (1963).

*sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[6] The

---

[6] A petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a *prima facie* showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Even if a petitioner's grounds for relief satisfy these strict requirements, the Fourth Circuit is the proper tribunal to make that decision when authorization is requested, not the district court. "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

"gatekeeping" mechanism created by the AEDPA added 28 U.S.C. § 2244(b)(3)(A) to provide that, "*[b]efore* a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. (emphasis added).[7]

Hence, the threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, by obtaining authorization from the Fourth Circuit to file this action. *See In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"; *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). It is clear on the face of the instant Petition that such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this Court to consider this second § 2254 petition has not been issued by the Fourth Circuit. Consequently, this District Court has no jurisdiction to

---

[7] Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

7

consider the instant Petition and Petitioner is barred from attacking his state court murder conviction and sentence of life imprisonment in this Court.

Even if the instant petition were to be liberally construed as having been filed pursuant to 28 U.S.C. § 2241, in an attempt to challenge only the execution of Petitioner's sentence, not the validity of Petitioner's underlying conviction, the Petition would still be subject to summary dismissal. A state prisoner's sole federal remedies for challenging the constitutional validity of his or her custody are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ of habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after a petitioner has exhausted state court remedies with regard to the conviction and sentence. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241). Circuit courts are split on whether § 2254 or § 2241 is the proper statute under which a state inmate should proceed when challenging the manner of execution of a state sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. *See White v Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010). *But see Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence). The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, No. 06-6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007), but does not appear to have taken a definitive stance to date. However, as noted above, under either § 2254 or § 2241, a petitioner must first fully exhaust his or her state remedies before filing a federal habeas

petition. In this case, Petitioner alleges that he has a pending state court PCR application, C/A No. 2009-CP-46-04556, in York County Common Pleas Court, filed on October 19, 2009, in which he is challenging his parole on the same ground, *i.e.* that "the statute of limitations has run out on the sentence." ECF No. 1, p. 4, 12. The York County 16th Judicial Circuit Public Index confirms that Petitioner's § 2241-type challenge to the execution of his sentence is still pending.[8] *See* http://judicial.yorkcountygov.com/scjdpublicindex/PISearch.aspx?CourtType=G (last visited Mar. 1, 2012). Thus, it plainly appears on the face of the Petition that, if the instant claim were to be considered as a first-time assertion of a § 2241 "manner of execution" challenge to Petitioner's sentence, the Petition must still be summarily dismissed because Petitioner has not yet exhausted his state remedies.

## RECOMMENDATION

Accordingly, it is recommended that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without issuance and service of process upon Respondent. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent). Petitioner's attention is directed to the important notice on the next page.

March 7, 2012  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

---

[8] The Court may take judicial notice of factual information located in postings on government web sites. *See Williams v. Long*, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government web sites as inherently authentic or self-authenticating).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 East Washington Street, Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).