IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ralph Leroy Erwin, ) | Civil Action No.: 6:12-cv-00437-RBH |
| *formerly S.C.D.C. I.D. # 051231*, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a state parolee proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2254. Petitioner currently resides in Spartanburg, South Carolina. This matter is now before the court with the [Docket Entry 9] Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald[1] filed on March 7, 2012. In his R&R, the Magistrate Judge recommended that "the instant successive § 2254 Petition should be summarily dismissed pursuant to 28 U.S.C. § 2244[] and *In re*[] *Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996)." (R&R at 2.) Petitioner timely filed his [Docket Entry 14] Objections to the R&R.

## **Background**

Petitioner was sentenced to life imprisonment for murder after pleading guilty in York County (South Carolina) General Sessions Court on March 24, 1961. (§ 2254 Petition [Docket Entry 1] at 1.)

On April 10, 2007, Petitioner filed a § 2254 petition in this court, in *Erwin v. State of South Carolina*, Civ. No. 6:07-cv-00959-RBH (D.S.C. 2008) (hereinafter "*Erwin I*"), challenging this

---

[1] This matter was referred to Magistrate Judge McDonald pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

same state court conviction and sentence, and raising the same grounds set forth in the instant § 2254 Petition. *See Erwin I*, Docket Entries 1 and 21.[2] In that case, this court ultimately granted summary judgment in favor of the respondent, denied Petitioner's summary judgment motion, and dismissed Petitioner's § 2254 petition as time-barred. *See id.*, Docket Entry 23.

On February 17, 2012, Petitioner filed the instant § 2254 Petition. In which, Petitioner indicates that he "is not challenging the conviction but rather the exp[i]ration date of the sentence has expired," (§ 2254 Petition at 13), and he raises the following ground for relief:

> **Ground One:** According to the South Carolina Constitution the most time to be served on a life sentence is thirty (30) years.
>
> > **Supporting Facts:** The Petitioner was convicted and sentenced to life on or about March 24, 1961. During that time there was no law which stated life was the entire life of a defendant.

(*id.* at 5.) For relief, Petitioner asks "[t]hat [he] be released from the custody of the South Carolina Probation and Parole Board." (*Id.* at 14.)

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[2] The court may take judicial notice of its own records in Petitioner's prior case. *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records" (internal quotations and citations omitted)); *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (holding that "[t]he District Court clearly had the right to take notice of its own files and records").

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

In his R&R, the Magistrate Judge determined that Petitioner's § 2254 Petition is "successive" and should be summarily dismissed pursuant to 28 U.S.C. § 2244. (R&R at 2.) Upon review, the undersigned agrees. "Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus . . . without first receiving permission to do so from the appropriate court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Specifically, § 2244(b)(3)(A) (emphasis added) provides that "*[b]efore* a second or successive application permitted by this section is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application." Here, Petitioner's § 2254 Petition is clearly successive. As specifically noted by the Magistrate Judge, "[t]he claim presented in this [instant] Petition was presented in a prior habeas petition that was dismissed on the merits." (R&R at 2); *see also Erwin I*, Docket Entries 1, 21, and 23. Petitioner even appears to admit in his Objections that he "has filed numerous petitions pertaining to the same issues presented in his present . . . Habeas Corpus Application." (Obj. at 1.) Moreover, while a successive § 2254 petition may be filed *after* receiving the required authorization from the Fourth

Circuit, nowhere has Petitioner indicated that he has even sought or received any such authorization from the Fourth Circuit.  Thus, the undersigned agrees with the Magistrate Judge that Petitioner's § 2254 Petition should dismissed as successive.

In addition, the Magistrate Judge alternatively concluded that "[e]ven if the instant petition were to be liberally construed as having been filed pursuant to 28 U.S.C. § 2241, . . . the Petition would still be subject to summary dismissal." (R&R at 8.)  Specifically, the Magistrate Judge found that, even if construed as a § 2241 petition, "Petitioner has not yet exhausted his state remedies." (*Id.* at 9.)  Again, the undersigned agrees.  A state prisoner must first fully exhaust his or her state remedies before filing a federal habeas petition pursuant to § 2241. (R&R at 8) (citing 28 U.S.C. § 2254(b) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973)); *see also Dalton v. W. Va. Parole Bd.*, No. 2:08-cv-01218, 2010 WL 395650, at *2 (S.D.W. Va. Jan. 19, 2010) (noting that "there is nothing in the AEDPA which suggests that Congress intended to eliminate the judicially created requirement that a state prisoner must exhaust his state remedies before filing a § 2241 petition").  Here, in his § 2254 Petition, Petitioner specifically alleges that he has a currently-pending state court post-conviction relief ("PCR") application, in which he is challenging his parole on the same grounds as set forth in his instant § 2254 Petition. (§ 2254 Petition at 12.)  He again references "his present PCR . . . Application" in his Objections. (Obj. at 1.)  Thus, the court agrees with the Magistrate Judge that, even if the instant Petition were liberally construed as filed under § 2241, it is still subject to dismissal as Petitioner failed to exhaust his state remedies prior to filing the Petition.

### **Certificate of Appelabililty**

A certificate of appealability will not issue absent "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The court has thoroughly reviewed the entire record, including the R&R and Objections, and the applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's Objections and adopts and incorporates by reference the Magistrate Judge's R&R. Accordingly, it is therefore **ORDERED** that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED** *without prejudice* and without issuance and service of process upon Respondent.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

       s/R. Bryan Harwell
       R. Bryan Harwell
       United States District Judge

Florence, South Carolina
April 13, 2012